Saul S. Street, J.
This is a motion to amend the summons so as to give plaintiff’s residence as New York County in place and instead of Westchester County, to reconsider the denial of a rule V preference (New York County Supreme Court Trial Term Bules), and to grant the cause a preference under rule 151 of the Buies of Civil Practice.
*618 The rule V preference was denied by reason of the fact that the summons revealed plaintiff’s residence to be Westchester County. The application was permitted to be renewed ,upon an affidavit by plaintiff concerning her residence at the commencement of the action.
The question posed here is whether at the commencement of this action the plaintiff was a resident of New York County. At the time of the accident which occurred on May 6, 1957 in the County of New York, plaintiff who at that time was 70 years old was a “ sleep-in ’’maid in a private residence in Westchester County. She had no other residence than the said place where she was working. Plaintiff sustained very serious injuries, and was removed to the New York Hospital where she remained for four weeks, and was then transferred to the G-oldwater Memorial Hospital, also in New York County, where she remained until the date of her discharge in December, 1957. Shortly after the accident and while plaintiff was at the New York Hospital, her employer returned plaintiff’s clothes and advised her that she was obliged to obtain other help.
The action was commenced on September 30, 1957. At that time plaintiff was a patient at the G-oldwater Memorial Hospital as aforesaid, and at that time plaintiff contends she was a resident of New York County. Defendants argue that a temporary stay at a hospital is insufficient to predicate residency. This might be so in the ordinary case, for it is well settled that a domicile continues until another is acquired. In the case at bar, however, plaintiff’s residence in Westchester County depended upon the continuance of her employment. When her employer terminated this employment, plaintiff’s residence in Westchester County came to an end as well. On September 30, plaintiff had no other residence, abode or place of refuge but the hospital wherein she was being treated. No intention to return to Westchester County can be fairly implied, for the obvious reason that there was no home or other fixed residence in that county which was open to her. Besidence is dependent upon intention. Plaintiff states in her affidavit that her sole residence after the termination of her employment was at the two hospitals aforesaid. I cannot under the circumstances in this case hold otherwise. Defendants do not suggest that she was a resident of any other county at the commencement of this action. It is merely argued that she was not a resident of the County of New York. Accordingly, that part of the motion which seeks to amend the summons nunc pro tunc as of the date of service is granted, and upon reconsideration the rule V preference is allowed.
*619 Plaintiff is now 72 years of age, suffering from the effects of very serious and disabling injuries, in debt, without funds or income of any kind, and without the means, physical or otherwise, to adequately provide for herself. She now resides with another elderly woman who permits plaintiff to sleep in her apartment and gives her food. The fact that plaintiff has not applied for public assistance should not in itself be sufficient to deny relief herein. This is an utter case of destitution, and one which merits in the exercise of discretion and in the interests of justice the granting of a rule 151 preference. The motion is granted, and the cause is preferred for October 19, 1959 for trial.
Settle order.